UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ENABLE MISSISSIPPI RIVER TRANSMISSION, LLC | CIVIL ACTION NO. 15-1625 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| LINN ENERGY HOLDINGS, LLC, *ET AL.* | MAGISTRATE JUDGE HAYES |

### MEMORANDUM ORDER

Pending before the Court is the joint Motion To Dismiss [Record Document 5] submitted by Defendants, Linn Energy Holdings, LLC, Devon Energy Production Company, L.P., Devon Gas Operating Inc., and Devon Gas Services, L.P. (collectively "Linn") and the Motion for Oral Argument [Record Document 19] filed by Plaintiff, Enable Mississippi River Transmission, LLC ("Enable"). In its complaint, Enable alleges that Linn's wells are producing gas stored and owned by Enable under the terms of a Certificate of Public Convenience and Necessity ("Certificate") granted by the Federal Energy Regulatory Commission ("FERC"). Record Document 1, p. 8. Enable seeks declaratory relief regarding ownership of the gas, an accounting of gas produced by Linn at its allegedly infringing site, damages, and an order that the well in question be plugged and abandoned. Id. at 12–15. Linn's Motion To Dismiss asks the Court to dismiss Enable's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and, alternatively, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Record Document 5.

The Court finds that Enable's arguments concerning the Court's federal question subject matter jurisdiction over Enable's claims are unavailing. Enable has not asserted diversity jurisdiction under 28 U.S.C. § 1332 despite ample opportunity to present such an alternative basis for this Court's subject matter jurisdiction. Therefore, **IT IS ORDERED** that Enable's claims be **DISMISSED WITHOUT PREJUDICE**. All other motions are **DENIED** as moot.

I.  **Factual and Procedural Background**

Enable is engaged in the business of storing gas in Lincoln Parish, Louisiana, in order to distribute that stored gas during times of peak demand. Record Document 1, pp. 3, 5. The gas is stored in the West Unionville Gas Storage Facility, a facility operated pursuant to the Certificate issued by FERC through its authority under the Natural Gas Act, 15 U.S.C. §§ 717 et seq. ("NGA"), and Louisiana law. Id. at 3–4. Enable claims that gas stored in its reservoir is migrating from the FERC-defined parameters of its storage reservoir and is now being produced out of the Ruston Vaughn reservoir by Linn. Id. at 7–12. Enable claims that it retains title to the allegedly escaped gas stored pursuant to the authority granted Enable by the Certificate it received from FERC and by order of the Louisiana Commissioner of Conservation. Id. at 11–12. Enable states that this suit is necessary because the parties dispute whether or not Linn is producing Enable's migrated gas. Id. at 11.

Linn filed the present Motion To Dismiss on the grounds that the Court lacks subject matter jurisdiction over Enable's claims and, alternatively, under the theory that

Enable has not stated a claim upon which relief can be granted. Record Document 5, p. 1. Enable responded in opposition to the Motion To Dismiss and Linn replied. Record Documents 15 and 18. Enable filed a Motion For Oral Argument seeking a hearing on the issues raised in Linn's Motion To Dismiss, justified by Enable in part because of original arguments Enable claimed Linn had raised in its reply memorandum. Record Document 19.

This case is related to another case filed in this Court, <u>Enable Mississippi River Transmission, LLC v. Nadel & Gussman LLC</u>, Civil Action No. 15-1502. Plaintiff's alleged grounds for subject matter jurisdiction in that related suit are identical to those asserted in the instant suit. Complaint, <u>Enable Mississippi River Transmission, LLC v. Nadel & Gussman, LLC</u>, Civil Action No. 15-1502. The defendants in the related suit filed the same objection to this Court's subject matter jurisdiction as did Linn in the instant suit. Defendants' Motion To Dismiss, <u>Enable Mississippi River Transmission, LLC v. Nadel & Gussman, LLC</u>, Civil Action No. 15-1502. A Memorandum Ruling and an accompanying Judgment issued in the related matter, dismissing Enable's suit without prejudice for lack of subject matter jurisdiction. Memorandum Ruling, <u>Enable Mississippi River Transmission, LLC v. Nadel & Gussman, LLC</u>, Civil Action No. 15-1502 (W.D. La. 03/14/16); Judgment, <u>Enable Mississippi River Transmission, LLC v. Nadel & Gussman, LLC</u>, Civil Action No. 15-1502 (W.D. La. 03/14/16). The rationale expressed by that Memorandum Ruling is equally applicable to the instant suit. Therefore, the reasoning expressed by the Court in that Memorandum Ruling is adopted by the Court in the

instant suit. The Court lacks the subject matter jurisdiction necessary to adjudicate Enable's claims.

## II. Conclusion

For the reasons expressed in the Court's Memorandum Ruling in <u>Enable Mississippi River Transmission, LLC v. Nadel & Gussman, LLC</u>, Civil Action No. 15-1502 (W.D. La. 03/14/16), the Court finds that Enable's arguments in the instant suit concerning the Court's subject matter jurisdiction over Enable's claims are unavailing. Enable has not asserted diversity jurisdiction under 28 U.S.C. § 1332 despite ample opportunity to present such an alternative basis for this Court's subject matter jurisdiction. Therefore, **IT IS ORDERED** that Enable's claims be **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court is directed to close this case. All other pending motions are **DENIED** as moot. A Judgment consistent with the instant Memorandum Order shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 15th day of March, 2016.



ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE